

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William J. Lawson
Secretary of State
Austin, Texas

Attention:  Mr. Will Mann Richardson

Dear Sir:                              Opinion No. 0-3989
                                       Re:  Does a corporation have a right
                                            to operate a city bus line under
                                            subdivision 66, Article 1302,
                                            Vernon's Annotated Civil Stat-
                                            utes, and related questions?

        Your letter of September 16, 1941, requesting the opin-
ion of this department on the questions stated herein, reads in
part as follows:

        "The above named corporation was granted a char-
    ter using as its purpose Subdivision 66 of Article
    1302 'to establish and maintain a line of stages.'
    Under this subdivision the corporation has been op-
    erating buses in the City of Wichita Falls.

        "In order to take advantage of the powers grant-
    ed by Article 6548 and Article 6548a, the corporation
    has filed an application for an amendment changing
    its purpose clause to include those powers.  It will
    be noted that those Articles apply to corporations
    which were formed as street railway corporations and
    wish now to operate buses in place of street cars.
    The street railway subdivision is No. 67 of Article
    1302, and it is the contention of this Department
    that Articles 6548 and 6548a apply only to corpora-
    tions formed under that subdivision.  If such is the
    case, the corporation could not accomplish this change
    by an amendment because of the prohibitions in the
    last sentence of Article 1314.

        "The attorneys for the corporation, however,
    contends that since they have been operating a city

Honorable William J. Lawson, Page 2

bus line under Subdivision 66, that they are not chang-
ing the purpose of the corporation by adopting the en-
larged powers granted under Articles 6548 and 6548a.

"This Department has been of the opinion that
Subdivision 66 was the correct subdivision to be used
by bus lines running from one city to another and that
it did not authorize the operation of a city bus line.
It is easy to see that a court could say that an inter-
city bus line was similar to, and authorized by, the
line of stages subdivision, but the similarity is not
so great between a line of stages and the operation of
city buses.

"We should like an opinion from your Department
on the following questions:

"1.  Does a corporation have a right to operate
a city bus line under Subdivision 66 of Article 1302?

"2.  If Subdivision 66 is not the proper subdivi-
sion, under what subdivision should a corporation
wishing to operate a bus line in a city be formed?

"3.  If Subdivision 66 is the proper subdivision,
may such a corporation have the enlarged powers grant-
ed by Articles 6548 and 6548a, either by amendment or
as an incidental power to their right to operate a
city bus line?"

The pertinent facts relative to the Wichita Traction
Company are set out in a letter from Honorable Bennett L. Smith,
Attorney at Law, addressed to the Attorney General, bearing date
September 19, 1941, are as follows:

"Wichita Traction Company, a Texas corporation,
owned and operated a street railway system in Wichita
Falls until its charter expired under its own terms in
August, 1934.  Prior to that time, the charter of Wichita
Traction Company was amended to permit the substitution

Honorable William J. Lawson, Page 3

of buses in compliance with Articles 6548 and 6548a.
When the charter expired in 1934, Wichita Traction
Company was not then operating any street railways
but was entirely operating motor buses in and about
the City of Wichita Falls.

"Shortly after the expiration of the charter
of Wichita Traction Company a new corporation was
formed, the Wichita Transit Corporation, under Sub-
division 66 of Article 1302, which Corporation ac-
quired the motor buses and system formerly operated
by Wichita Traction Company. The new Company took
over and operated the identical operations maintain
ed by the predecessor. Wichita Transit Corporation
has since been engaged in the business of operating
buses for the carriage of passengers for hire within
the City of Wichita Falls. During part or all of
that time, the Corporation has operated buses outside
of the City limits and into the auburbs.

"The Corporation now desires to amend its char-
ter by changing its purpose clause from that contain-
ed in Subdivision 66 in Article 1302 to Subdivision
67 thereof, as supplemented by Articles 6548 and
6548a."

Subdivisions 66 and 67 of Article 1302, Vernon's Annotated
Civil Statutes, read as follows:

"66. To establish and maintain a line of
stages.

"67. To construct or acquire with power to
maintain and operate, street railways and suburban
railways and belt lines of railways within and near
cities and towns, for the transportation of freight
and passengers, with power also to construct, own
and operate union depots, and to buy, own, sell and
convey right of way upon which to construct railroads."

The last sentence of Article 1314, Vernon's Annotated
Civil Statutes, reads as follows:

"No amendment or change violative of the Constitution or laws of this State or any provision of this title or which so changes the original purpose of such corporation as to prevent the execution thereof, shall be of any force or effect."

Article 6548, Vernon's Annotated Civil Statutes, provides in effect that any corporation authorized to operate a street or a suburban railway or interurban railway and to carry passengers for hire, is authorized, subject in every case to the approval and consent of the governing body of the city or town where said street, suburban or interurban railway company is operated to substitute for such railway automobile motor bus lines, in whole or in part, and to maintain and operate motor buses for the purpose of carrying passengers for hire on the public roads, streets, plazas, alleys, and highways within the corporate limits of any incorporated cities or towns, under such regulations as may be prescribed by any such cities or towns, and on the public roads and highways within five miles of the corporate limits of any such incorporated cities or towns, under such regulations, in territory outside of city limits, as the Commissioners' Court of the county may prescribe; and such substitution of motor buses for street cars and street or interurban railway and the discontinuance of such street or interurban railways shall not in any way impair any of the corporate powers of corporations heretofore incorporated as street or interurban railways with respect to the operation of other public utilities authorized by their charters and by statutes now in force.

Article 6548a, Vernon's Annotated Civil Statutes, among other things, in effect, provides that private corporations heretofore incorporated for the purpose of operating street or interurban railways, which said private corporations have totally abandoned such operations prior to January 1, 1934, may amend their charters so as to include as a separate purpose of the corporation the acquiring, owning and operating of motor vehicles and motor buses for transportation of passengers for hire upon the public streets and public ways of cities and towns and upon the public ways of the adjacent unincorporated territory within five miles from the limits of such cities and towns, provided, however, this limit shall not be construed to prohibit any corporation

conforming with this act from contracting for chartered passenger service beyond said five mile limit, under such reasonable regulations as may be legally imposed from time to time by such cities and towns within the limits thereof and the Commissioners' Court of counties as now prescribed by Article 6548.

The Wichita Traction Company was apparently organized for the purposes set out in Subdivision 67 of Article 1302 and had amended its charter to permit the substitution of buses in compliance with Articles 6548 and 6548a, but its charter expired and was not renewed. The subject corporation, Wichita Transit Corporation, was organized as a new corporation under subdivision 66, with its purpose clause reading: "To operate a line of stages," and although this corporation acquired all the property of the Wichita Traction Company, which at that time was operating only buses, the powers of Wichita Transit Corporation and the propriety of the charter amendment which has been submitted must be tested by the charter of the present corporation and the laws applicable thereto, and not the charter and laws applicable to the expired Wichita Traction Company.

While there appears to be no subdivision of Article 1302 which expressly mentions the operation of bus lines between cities, it would seem that the State Department's construction of Subdivision 66 as including the operation of inter-city bus lines is correct. It does not follow however that this excludes the operation of a line of stages or buses within cities. In this connection we refer to the case of Staacke v. Routledge (Sup. Ct. 1922) 241 S. W. 944, which involved the business of renting automobiles with drivers in the city of San Antonio under Subdivision 64. The court in its opinion stated:

"Subdivision 10 of Article 1121 (now Subd. 66 of Art. 1302), authorizing the creation of corporations for the establishing and maintenance of stage lines and Subdivision 18 (now Subd. 69) of the same Article, permitting the formation of corporations for the transportation of goods, wares, and merchandise, or any valuable thing, is each clearly broad enough to have permitted the formation of a corporation for the transportation of passengers for hire, or to engage in the business which defendant in error alleges was the business followed by the Rambler Automobile Company."

If the court was correct in its expression with reference to Subdivision 66 in that case, we know of no reason why this Subdivision would not be sufficiently broad to permit the operation of a line of stages or buses within as well as between cities and towns. This statement by the court was probably not necessary to the decision of the case but it does furnish a guide in construing the statute.

Although there may be other Subdivisions in Article 1302 which would be more appropriate for the operation of city bus lines, a matter which we do not now determine, it is our opinion that it is sufficiently broad to include the operation in question.

Under the present charter of the Wichita Transit Company it may therefore operate bus lines or stages within cities or towns and between cities or towns without any limitation upon the distance which it may operate its bus lines from the corporate limits of cities. Subdivision 57 authorizes the operation of street railways and suburban railways within and near cities and towns. By virtue of Articles 6548 and 6548a, Vernon's Texas Civil Statutes, street railway corporations may extend their charter powers so as to substitute motor buses for their railways within the corporate limits of cities and towns and on the public highways within five miles of the corporate limits of such cities or towns.

Would the proposed amendment so change the original purpose of the corporation as to prevent the execution thereof? We think it would. Under the original charter the corporation is authorized to operate both inter and intra city buses or stage lines but by the proposed amendment it would only be authorized to operate bus lines within incorporated cities and within five miles thereof. That the corporation has been operating buses solely within the city of Wichita Falls and its suburbs is not controlling for the charter sets out the purpose of its incorporation and we must look to that instrument and applicable laws to determine its original purpose.

There is another reason this amendment may not be made. Notwithstanding both Subdivisions 66 and 67 deal with transportation, they contain radical, substantial and fundamental differences. Not only does the power to operate a line of stages materially

differ, as a matter of fact, from the power to construct and operate street, suburban and belt line railways and to buy, own, sell and convey right-of-way, but the statute itself has made the distinction and we cannot say that these purposes are fundamentally the same. When the incorporators of the Wichita Transit Company chose the purpose of the corporation they no doubt considered the difference between the operation of a line of stages and the operation of street railways under Subdivision 67 with the enlarged powers granted by Article 6548 and 6548a, and had some reason for incorporating for the selected purpose rather than as a street railway company. It would seem apparent that a person subscribing to the capital stock of a corporation having as its purpose the operation of a line of stages would not contemplate that such corporation would construct, maintain and operate railways. The proposed amendment being a fundamental and material change in the purpose of the corporation, it should not be permitted. 10 T. J. p. 664; Fletcher's Cyclopedia Corporations, Vol. 7, p. 7607.

Without quoting in full Articles 6548 and 6548a, Vernon's Texas Civil Statutes, we think it is sufficient to point out that the first mentioned statute by its express language does not apply to the corporation in question for it applies only to "Any corporation authorized to operate a street or suburban railway or interurban railway and to carry passengers for hire * * *." That the Act is limited in its application to street and interurban railways is borne out by the title and emergency clause of Acts 1933, 43rd Leg., p. 48, ch. 22, which amended original Article 6548.

The same considerations are applicable to Article 6548a. That statute provides, "That private corporations heretofore incorporated for the purpose of operating street or interurban railways" may amend their charters so as to provide as a separate purpose for the operation of motor buses. See also the title and emergency clause of Acts 1937, 45th Leg., p. 675, ch. 337. Clearly these statutes do not apply to corporations organized under Subdivision 66.

Your first question is answered in the affirmative and the second does not require an answer.

Honorable William J. Lawson, Page 8

In answer to your third question, it is our opinion a corporation having as its purpose Subdivision 66 of Article 1302, Revised Civil Statutes, 1925, may not amend its charter so as to change its purpose to that set out in Subdivision 67 of said Article as enlarged by Articles 6548 and 6548a, Vernon's Texas Civil Statutes, and that the last two mentioned statutes are not applicable to and do not affect the corporate powers of corporations organized under Subdivision 66 of Article 1302, Revised Civil Statutes, 1925.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 1942

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC:ej